D. C. MOORE v. COMMISSIONERS OF PITT COUNTY.*

*Board of Justices of the Peace—Meetings—Proceedings of Irregular Meetings.*

1. The Justices of the Peace of a county can lawfully meet, organize and act only at the time of their regular annual meeting (first Monday in June) and on such days as the Board of Commissioners may appoint for special meetings, not oftener than once in three months; therefore,

2. A meeting of the Justices of the Peace of a county held on a day other than the first Monday in June, and called, not by the Commissioners, but by the chairman of the Board of Justices, was not a lawful meeting, and its proceedings were unauthorized and without force.

CIVIL ACTION, heard before *Hoke, J.,* at September Term, 1893, of PITT Superior Court.

The plaintiff sought a writ of *mandamus* to compel the Commissioners of Pitt County to accept his official bond and induct him into the office of Clerk of the Inferior Court of said county, which the complaint alleged had been established by the Justices of the Peace of the county. The defendants contended that the court had not been regularly constituted. A jury trial was waived and it was agreed that his Honor should find the facts. The finding was substantially as follows:

That one G. T. Tyson, chairman of the Board of Justices of the Peace of the County, published in a weekly newspaper in Greenville in its issues of February 1, 8 and 15, 1893, a call for a meeting of the Justices of the Peace of the County to be held in Greenville on the 18th of February, 1893, for the purpose of considering the advisability of establishing an Inferior Court in said county, copies of the several issues of said newspaper containing notice of said call being mailed to each Justice of the Peace in the county.

---

*SHEPHERD, C. J., did not participate in the decision of this case.

That on the 18th of February, 1893, there were forty-seven Justices of the Peace in Pitt County, the county being entitled by law to sixty-two. On that day twenty-seven Justices assembled in obedience to the call, and the meeting was organized by G. T. Tyson, as chairman, and the plaintiff as deputy Register of Deeds as Secretary or Clerk. A quorum was announced, and resolutions establishing the Inferior Court and providing for its sessions, were adopted by a vote of twenty in favor of and six against them. The plaintiff received a majority of the votes of the Justices present for the office of Clerk, and was declared elected to the office. A Solicitor and three Justices of the Court were also declared elected.

The plaintiff D. C. Moore appeared before the Board of Commissioners of said County on the first Monday in July last, and tendered to said body his official bond as Clerk-elect of the Inferior Court. That said Moore asked the consideration of his said bond, that the same be accepted, and that he be regularly inducted into said office. Being of the opinion that the said Inferior Court had not been regularly constituted, the said Board of Commissioners declined to consider or accept the bond of the plaintiff or to induct him into the said office.

That a written demand, signed by the said officers, claiming to have been elected as aforesaid, was then submitted to the said Board of Commissioners, among other things demanding that a jury be drawn according to law for the August Term following of said Inferior Court, which demand was in all respects denied.

Upon consideration of the facts his Honor denied the application for a *mandamus* and dismissed the action, and plaintiff appealed.

*Mr. Don. Gilliam,* for plaintiff (appellant).
*Mr. T. J. Jarvis,* for defendant.

9

BURWELL, J.: Whatever may have been the provision of law in regard to the meetings of the Justices of a county before the adoption of *The Code*, it seems very clear that, since it was enacted, they can lawfully meet, organize and act only at the time of their regular annual meeting, which is fixed by statute on the first Monday in June, and on such days as the Board of Commissioners may appoint for special meetings, such meetings not, however, being allowed to take place more than once in three months. *The Code*, § 717. If the Justices come together at any other time than the first Monday of June, except at the call of the Commissioners, it is not a lawful meeting, and the proceedings of such an assembly can have no force. The Legislature has committed to the Justices of the several counties most important functions, but it has seen fit to allow them to meet in special session only when called together by the Commissioners.

What is said above disposes of the matter of this appeal, and renders it unnecessary that we should determine what number of Justices would have made a quorum if the meeting had been called according to law.

Affirmed.